**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>  v.<br><br>Pong Lin Liu, et al.,<br><br>        Defendants.<br>_____/ | NO. CR-05-0723 JW<br><br>**ORDER FOLLOWING FINAL PRETRIAL CONFERENCE** |

On August 26, 2008, the Court conducted a Final Pretrial Conferences. Counsel for the respective parties were present. In light of the discussion at the conference, the Court orders as follows:

(1) Defendants' oppositions to (a) the government's motion for a Rule 104 hearing and (b) motions in limine shall be filed and served on or before **September 18, 2008.** The motions in limine will be submitted for decision without a hearing unless otherwise ordered by the Court.

The Court will not entertain further request for extension on the briefing schedule. As Defendant Pong Lin Liu's counsel has admitted in his declaration, a schedule was set at the August 4, 2008 pretrial conference. (See Docket Item No. 353 ¶ 2.) The fact that the Court's Minute Order did not capture the briefing schedule does not excuse the parties' obligations to adhere to the schedule as set forth on the record.

(2) The government replies, if any, shall be filed and served on or before **September 22, 2008.**

(3) On or before **September 17, 2008**, the government shall file and serve its proposed witness list.

(4) On or before **September 26, 2008**, Defendants shall file and serve their proposed witness list.

(5) The parties shall appear on **September 29, 2008 at 4 p.m.** for hearing on the government's Rule 104 motion. The Court will notify the parties in advance of the hearing regarding whether oral arguments are needed on any in limine motions.

## A.  Trial Schedule

| | |
|---|---|
| **Jury Selection** | **October 7, 2008 at 10:00 A.M.** |
| **Sessions 1-2** | **October 8, 2008, 9 A.M. - 12 P.M., 1 P.M. - 4 P.M.** |
| **Sessions 3-4** | **October 9, 2008, 10 A.M. - 12 PM, 1 P.M. - 4 P.M.** |
| **Sessions 4-5** | **October 10, 2008, 9 A.M. - 12 P.M., 1 P.M. - 4 P.M.** |
| **Sessions 6-7** | **October 14, 2008, 10 A.M. - 12 PM, 1 P.M. - 4 P.M.** |
| **Sessions 8-9** | **October 15, 2008, 9 A.M. - 12 P.M., 1 P.M. - 4 P.M.** |
| **Sessions 10-11** | **October 16, 2008, 10 A.M. - 12 PM, 1 P.M. - 4 P.M.** |
| **Sessions 12-13** | **October 17, 2008, 9 A.M. - 12 P.M., 1 P.M. - 4 P.M.** |
| **Sessions 14-15** | **October 21, 2008, 10 A.M. - 12 PM, 1 P.M. - 4 P.M.** |
| **Sessions 16-17** | **October 22, 2008, 9 A.M. - 12 P.M., 1 P.M. - 4 P.M.** |
| **Sessions 18-19** | **October 23, 2008, 10 A.M. - 12 PM, 1 P.M. - 4 P.M.** |
| **Session 20** | **October 24, 2008, 9 A.M. - 12 P.M.** |
| **Argue & Submit** | **October 24, 2008 at 1 P.M.** |

## B.  Jury Selection

1. The entire panel will be sworn. The Court will inform the panel of the nature and duration of the case and ask any panel member to identify himself or herself if, due to the nature or duration of the case or any physical or personal problem, service would impose an extreme hardship. The Court will examine panel members claiming hardship and issue appropriate excuses.

2. The Clerk will call the names of all prospective jurors. Fourteen jurors will be seated in the jury box, and the others will be seated in the courtroom in the order in which their names are called.

2

3. The Court will conduct voir dire of the prospective jurors, including any Court-approved questions which have been previously submitted by counsel.

4. After the Court has completed voir dire, counsel may be permitted to conduct supplemental voir dire for a time period specified by the Court. After the completion of voir dire, the Court will inquire whether the panel is passed for cause. If a party objects to the qualifications of any seated juror, the party shall indicate that the panel is not passed and ask for permission to approach the bench to inform the Court. A party shall not identify the juror or state the ground for its challenge on the record with the panel present unless permission to state the challenge has been granted by the Court. At the bench conference the Court will determine a procedure for hearing the challenge. If a party does not respond to the Court's inquiry whether the panel is passed for cause, the jury panel is deemed passed for cause, and the parties will be allowed to exercise any peremptory challenges.

5. Normally, parties will be allowed to responsively indicate any peremptory challenges. In some cases, the Court may order that any peremptory challenges be exercised simultaneously. In multiple party cases, counsel are directed to elect and designate one of their number as "lead" counsel for the purpose of exercising joint challenges. The first 12 prospective jurors remaining after exercise of challenges shall be seated as jurors. The next two remaining prospective jurors shall be the first and second alternate jurors, respectively.

6. Before the remaining panel is excused, the Court will ask counsel if there is any legal cause why the panel should not be sworn as the jury for the case. If a party should indicate a desire to state legal cause, the Court will determine a time and procedure for ruling on those objections. Any objections not stated are deemed waived.

### C. Exhibits

7. On **October 3, 2008,** each party shall lodge with Chambers an exhibit binder for each witness, which shall contain all exhibits which the party contemplates offering into evidence through the witness. Any party objecting to an exhibit shall insert a page in front of the exhibit which identifies the party making the objection and the legal ground for the objection. Although an exhibit

3

to which an objection has been made may be shown to the witness, it shall not be displayed to the trier of fact unless the objection is overruled and the exhibit is received into evidence.

8. If the case involves only a few exhibits, instead of witness exhibit binders, the parties may include all exhibits in a single notebook.

9. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court for display after it is received into evidence.

10. The parties are encouraged to stipulate to the admission into evidence of all exhibits. If the parties stipulate to admissibility, the parties shall indicate, "I am going to show you Exhibit __, which is in evidence by stipulation." The exhibit may be shown to the witness and the trier of fact without being formally offered into evidence.

11. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

### D.  Trial Procedure

12. In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue;  and shall not suggest to the jury directly or indirectly, that it may or should request transcripts or the reading of any testimony by the reporter.

13. Counsel must question witness from the podium, using the microphone. Without requesting permission, counsel may approach witnesses for any proper purposes.

14. Address all remarks to the Court, not to opposing counsel.

15. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not be their first or given names.

16. No demonstrative exhibits, charts, diagrams or enlargements shall be placed within sight of the jury unless previously disclosed to opposing counsel.

17. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

4

18. <u>Counsel must stand when making an objection.</u>  Arguments on points of law or evidentiary matters shall be made out of the presence of the jury.  Thus, when objections or responses to objections are made, only the legal basis of the objections and responses may be stated.

19. Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

20. Conferences at the bench or sidebar are not favored by the Court.  Counsel are responsible for bringing any matters which require hearing out of the presence of the jury to the attention of the Court during a time when the jury is not in session.  Any sidebar conferences which are allowed will be off the record.  If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

21. Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

22. Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying.  Unless, counsel indicates that he or she wishes the witness to remain subject to being recalled, when a witness has completed his or her testimony, the witness is excused.  Any witness who has been excused from further testimony may remain as a spectator.  It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

23. Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

24. Counsel should never, in the presence of the jury, ask the Court reporter to mark or flag a witness's answer to a particular question.  Instead, make a note of the time and subject matter of

the testimony you want marked, and inform the reporter unobtrusively at the next recess.  This is to avoid the use of "marking" as a device for attracting the jury's attention to certain testimony.

25.  When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses.  If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined.  Counsel who will conduct the cross-examination should object while the witness is on direct.

26.  From and after the moment the case is called for trial, any objection, motion or other application for relief made by any defense counsel, orally or in writing, shall be deemed to be adopted and joined in by every other defendant, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made.  Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion.  Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or motion if that is his or her position.

27.  Counsel are directed to deliver to opposing counsel at the end of each trial day (if not earlier) a list of witnesses counsel anticipates calling the next trial day.

28.  Counsel calling a witness who is neither a client nor an expert witness of the party should have no discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination.  At all other times, within the bounds of governing ethics and the law, counsel may engage in discussions with witnesses during trial.

29.  Counsel are directed to schedule any matters to be heard out of the presence of the jury at a time other than that set for the presentation of evidence.  Any time taken away from presentation of evidence to the trier of fact due to, for example, lengthy legal motions made during the time allocated to the presentation of evidence, or delays in the commencement of proceedings due to circumstances within the control of counsel, will be deducted from the time allocated for the

presentation of evidence. Upon timely application based upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

30. It is the practice of the Court periodically to inform counsel of the Court's record of how much time each side has remaining for the presentation of evidence based upon the stipulated trial schedule.

### E.  Instructing the Jury

31. The Court pre-instructs the jury as to preliminary matters immediately before opening statements, and finally instructs before arguments of counsel. Written instructions are provided the jury upon retiring for deliberation.

### F.  Jury Deliberations

32. Counsel and litigants are not required to remain in the courtroom during jury deliberations; however, it is counsel's responsibility to keep the clerk fully informed as to counsel's whereabouts at all times, including the noon hour. Counsel are expected to return to the courtroom within five minutes after being notified to do so. Failure to be available will be deemed waiver of the right to be present.

33. A deliberating jury will be permitted to take a noon recess or other rest breaks without the necessity of reconvening; and to retire for the evening and resume their deliberations the next morning without reconvening.

### G.  Daily Trial Transcript

34. Any counsel desiring daily or expedited transcripts during trial should make immediate arrangements with the court reporter and should inform the Court and other counsel of such intentions.

Dated:  August 26, 2008

_____
JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

John Glang, john.glang@usdoj.gov
Thomas Anthony Colthurst, tom.colthurst@usdoj.gov
Kurt Kevin Robinson, robinsonlawfirm@comcast.net
Steven Francis Gruel, attystevengruel@sbcglobal.net

**Dated: August 26, 2008**                                **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**